# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| THERESE STULTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| FANEUIL, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, THERESE STULTZ ("Plaintiff" or "Stultz"), through the undersigned counsel, and files her Complaint and Demand for Jury Trial against Defendant, Faneuil, Inc., ("Defendant" or "Faneuil") and in support, she states the following:

## JURISDICTION AND VENUE

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful pattern and practice of discrimination against Plaintiff due to her disability and request for reasonable medical accommodation leading to her unlawful termination.

1

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff Stultz is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Osceola County.

6. Defendant Faneuil is a foreign for-profit corporation with its principal place of business in Hampton, Virginia.

7. Defendant does business in this judicial district, and Plaintiff worked for Defendant at its 7700 Southland Boulevard, Suite 250, Orlando, Florida 32809 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On April 11, 2016, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. On February 25, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue.

13. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant for approximately five (5) years.

15. Plaintiff worked for Defendant as a Customer Service Representative in Defendant's Orlando, Florida call center.

16. Plaintiff is a disabled female.

17. At all times relevant to this action, Plaintiff was a qualified individual with a disability and/or handicap within the meaning of the ADA and FCRA.

Plaintiff has an actual disability and/or handicap, has a record of being disabled and/or handicapped, and/or is perceived as being disabled and/or handicapped by Defendant.

18. At all times material, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

19. On or about October 3, 2014, Plaintiff was diagnosed with breast cancer.

20. Plaintiff verbally informed Human Resources Representative Maria Ramos and other supervisors in the call center of her diagnosis.

21. Plaintiff's disability and/or handicap impact her major life activities, including but not limited to caring for herself, lifting, reaching, and doing manual tasks.

22. Plaintiff underwent repeated surgeries over several months due to her diagnosis. Plaintiff's first surgery was a mastectomy in early 2015 for which she used a medical leave of absence. Following her mastectomy Plaintiff returned to work until she was ready for her reconstructive surgery.

23. The surgeries had a physical, mental, and emotional impact on Plaintiff.

24. As the time approached for Plaintiff's reconstructive surgery she spoke with Ms. Ramos and discussed the application process for a medical leave of absence.

25. To discriminate against Plaintiff, Defendant and specifically Lisa Kerchid told Plaintiff she did not have any of Plaintiff's documentation.

26. After some back and forth, Plaintiff reapplied and was approved for medical leave of absence on or about May 21, 2015.

27. While on a medical leave of absence, Plaintiff underwent a second surgery in May 2015 and a third surgery in early June 2015.

28. Plaintiff's original return to work date was July 10, 2015.

29. Plaintiff experienced complications from her surgeries and required a brief extension of her leave.

30. Plaintiff called Defendant concerning her return to work; however, Plaintiff did not receive a response and left a voicemail requesting a return call. Defendant did not respond and Plaintiff called again on July 13, 2015, and spoke with Ms. Ramos.

31. Defendant failed to engage in the interactive process with Plaintiff as is required by law.

32. To discriminate against Plaintiff due to her disabilities Defendant transitioned Plaintiff's medical leave of absence into a thirty (30) day Leave of Absence that expired July 10, 2015.

33. Plaintiff underwent emergency surgery due to complications on June 25, 2015 and she was released to go home a few days later.

34. On June 30, 2015, Plaintiff received an email from Jacqueline Carrasquillo, Human Resource Coordinator wherein Ms. Carrasquillo inquired about Plaintiff's return to work date.

35. Plaintiff spoke with Ms. Ramos who informed Plaintiff that she was currently not in the office and stated she would inform Defendant that Plaintiff called when she returned to the office, and in the interim, Plaintiff should reach out to Ms. Carrasquillo.

36. Plaintiff also called Ms. Carrasquillo; however, Ms. Carrasquillo did not answer, and Plaintiff left a voicemail.

37. The same afternoon Lisa Ketchersid, Human Resources Generalist, called Plaintiff.

38. Plaintiff informed Ms. Ketchersid she underwent emergency surgery and was still recovering and advised she had a doctor's appointment on July 16, 2015, to receive her new return to work date.

39. Ms. Ketchersid responded that Defendant terminated Plaintiff's employment effective July 14, 2015, because she did not return to work on July 10, 2015.

40. A mere two (2) days later, on July 16, 2015, Plaintiff's doctor released her to return to work on July 20, 2015, with no restrictions.

41. Plaintiff has been damaged by Defendant's unlawful conduct.

42. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:  Disability Discrimination in Violation of the ADA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

44. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

45. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

46. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

47. Defendant violated the ADA by terminating her and discriminating against Plaintiff based on her disability.

48. Defendant intentionally discriminated against Plaintiff based on her disability.

49. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

**Count II: Failure to Accommodate in Violation of the ADA**

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

51. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

52. Defendant was aware of Plaintiff's disability.

53. Defendant failed to accommodate Plaintiff's disability.

54. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

55. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

56. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count III: Retaliation in Violation of the ADA

57. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

58. Defendant intentionally retaliated against Plaintiff for engaging in protected activity when he requested a brief medical leave due to her disability by unlawfully terminating her employment.

59. Defendant's conduct violates the ADA.

60. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

61. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

62. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count IV: Handicap Based Discrimination in Violation of the FCRA

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

64. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

65. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of her handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

66. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on her handicap.

67. Defendant intentionally discriminated against Plaintiff based on her handicap.

68. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

69. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and or punitive damages.

## Count V: Retaliation in Violation of the FCRA

70. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

71. At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

72. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

73. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

74. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

75. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

76. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

77. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

78. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other, and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No. 099040
**Spielberger Law Group**

4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*